# In the United States Court of Federal Claims

No. 10-403 C

(E-Filed: June 23, 2011)

| | |
|---|---|
| GOVERNMENT TECHNICAL SERVICES, LLC., | ) ) ) |
| Plaintiff, | ) Motion to Stay; Related Criminal ) Investigation ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

ORDER

     Before the court is Defendant's Unopposed Motion to Stay Proceedings (Motion), filed on June 21, 2011, Docket Number 28.  Defendant "requests that the [c]ourt suspend further proceedings in this matter pending resolution of [a] multi-agency criminal investigation of Government Technical Services, LLC [(GTS)]," the plaintiff in this case.  Motion 1.  When the parties filed their pleadings in this matter, they were aware that a criminal investigation had been conducted against GTS, but believed that the investigation had ended.  Motion 2 (citations omitted).  As defendant prepared for discovery in this matter, however, defendant became aware that the criminal investigation is ongoing.  Motion 2.  Defendant states that plaintiff does not oppose defendant's Motion.  Motion 1.

     Defendant correctly states that "[p]recedent in this circuit has recognized the wisdom of staying a civil action pending a criminal investigation and possible prosecution in order to avoid the conflicts inherent in concurrent proceedings."  Motion 4 (citing, inter alia, Luigi Goldstein, Inc. v. United States (Goldstein), 217 Ct. Cl. 733 (1978)).  In Goldstein, the United States Court of Claims denied a request to terminate or modify the trial judge's order staying litigation, noting that "[t]his court is reluctant to

require the Government to proceed in civil litigation when related criminal procedures are still in progress." <u>Goldstein</u>, 217 Ct. Cl. at 734 (citation omitted).

"Decisions of this court . . . list three factors that a court should consider" when deciding whether to stay litigation for the duration of a related criminal investigation. <u>Ampetrol, Inc. v. United States</u>, 30 Fed. Cl. 320, 321 (1994). These three factors may be summarized as follows:

> First, the movant must make a "clear showing, by direct or indirect proof, that the issues in the civil action are 'related' as well as 'substantially similar' to the issues in the criminal investigation." Second, the movant must "make a clear showing of hardship or inequity if required to go forward with the civil case while the criminal investigation is pending." Third, the movant must establish "that the duration of the requested stay is not immoderate or unreasonable."

<u>Id.</u> (quoting <u>St. Paul Fire & Marine Ins. Co. v. United States</u>, 24 Cl. Ct. 513, 515 (1991)) (internal citations omitted).

Here, both this matter and the criminal investigation pertain to GTS's performance of the same task order. <u>Compare</u> Motion 4 (stating that the United States Army Corps of Engineers (ACOE) terminated the contract underlying Task Order 004 for default), <u>with</u> Motion 6 (stating that "GTS's alleged actions in connection with Task Order 004 have been the subject of a criminal investigation"). In the events that gave rise to this matter, the ACOE terminated GTS's contract after determining in part that "GTS falsified documents relating to the acquisition of equipment, falsified documentation relating to payment of its subcontractors and falsified documentation related to work performed by subcontractors." Motion 4 (citation omitted). Defendant states that in the criminal investigation of GTS, "the [g]overnment is investigating whether GTS and its officers or employees engaged in criminal fraud by certifying and receiving progress payments for Task Order 004 for work not done," among other actions. Motion 6 (citation omitted). Defendant states that a number of the defendant's witnesses in this case have been interviewed in connection with the criminal investigation, and that "[a]ll of these individuals might serve as witnesses at any grand jury or criminal trial proceedings." Motion 7. Based on the foregoing, the court finds that defendant has made a clear showing that the issues in this action are both "related" as well as "substantially similar" to the issues in the criminal investigation. <u>See Ampetrol</u>, 30 Fed. Cl. at 321 (citation omitted).

The court also finds that defendant has made a "clear showing of hardship or inequity if required to go forward with the civil case while the criminal investigation is

pending." Id. (citation omitted).  Defendant argues that "[i]f the plaintiff is allowed to conduct civil discovery, plaintiff may be able to use the broader discovery available in the civil case to aid it in its defense of the criminal case."  Motion 7.  Defendant further argues that discovery could compromise the criminal investigation by compelling the government to disclose prematurely information otherwise not available to the targets of the investigation.  Motion 7.  Defendant argues that the criminal investigation and any subsequent prosecution could reveal defenses defendant would be able to raise in this case.  Motion 8.  The court agrees with defendant that "[i]n other words, without a stay, the Government cannot present its best case to this court."  Motion 9.

Finally, the court finds that the duration of the stay requested by defendant is not immoderate or unreasonable.  See Ampetrol, 30 Fed. Cl. at 321 (citation omitted).  Defendant requests that the court grant only a six-month stay of litigation "pending the resolution of the pending criminal investigation and decision upon possible prosecution."  Motion 9.

Based on the foregoing and the fact that the Motion is unopposed, the Motion is GRANTED.  The stay of litigation in this matter shall terminate automatically at 5:00 p.m. Eastern Standard Time (EST) on Thursday, December 15, 2011 unless extended for good cause shown.  At or before 5:00 p.m. EST on Monday, December 12, 2011, the parties shall file a joint status report, or separate status reports if they cannot agree, indicating whether the stay should be lifted or continued in light of the then circumstances.  If the parties believe that the stay should be lifted, they shall propose a schedule for further proceedings in this matter.

If the criminal investigation and related criminal proceedings terminate before November 15, 2011, the parties shall, within thirty days, file the status report or status reports described in the previous paragraph.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Chief Judge